```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


ASHLEY A. PARKS,

            Plaintiff,

      vs.                                Civil Action 2:13-cv-1099
                                         Judge Smith
                                         Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
```

## REPORT AND RECOMMENDATION

**I.   Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying the application for supplemental security income filed on behalf of Ashley A. Parks, a child under the age of 18.  This matter is now before the Court on *Plaintiff Ashley A. Parks's Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 13, the Commissioner's *Opposition to Plaintiff's Statement of Specific Errors* ("*Commissioner's Response*"), Doc. No. 19, and *Plaintiff's Reply*, Doc. No. 20.

The application for benefits was filed on July 7, 2010 and alleges that Ashley Parks has been disabled since her birth on February 11, 1995.  *PAGEID* 56, 204.  The application was denied initially and upon reconsideration. An administrative hearing was held on June 14, 2012, at which plaintiff, represented by counsel, appeared and testified, as did plaintiff's aunt, Daisy Irvin.  *PAGEID* 76.  In a

decision dated July 24, 2012, the administrative law judge concluded that plaintiff was not disabled from July 7, 2010, the date the application was filed, through the date of the administrative decision. *PAGEID* 69. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on September 11, 2013. *PAGEID* 33.

Plaintiff was 15 years of age when her application for benefits was filed, *see PAGEID* 56, 204, and was 17 years of age on the date of the administrative law judge's decision. *See PAGEID* 70, 204. Plaintiff has not engaged in substantial gainful activity since July 7, 2010, the application date. *PAGEID* 59.

## II.  Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of borderline intellectual functioning, conduct disorder, anxiety disorder, and affective disorder. *PAGEID* 59. The administrative law judge expressly considered Listings 112.11 and 112.04 and found that plaintiff's impairments, whether considered singly or in combination, neither meet nor medically equal a listed impairment. *Id*. The administrative law judge also found that plaintiff did not "have an impairment or combination of impairments that result in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning." *PAGEID* 69. The administrative law judge specifically found that plaintiff has less than marked limitations in (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and

2

relating with others, and (4) the ability to care for herself; she had no limitation in (1) moving about and manipulating objects or (2) health and physical well-being. *PAGEID* 62-69. The administrative law judge therefore concluded that plaintiff was not disabled within the meaning of the Social Security Act from July 7, 2010, through the date of the administrative decision. *PAGEID* 69-70.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would

3

decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in failing to consider Listing 112.05. *Statement of Errors*, pp. 9-12. Listing 112.05 requires, under appropriate circumstances, a finding of disability based on the claimant's intellectual disability:

> Intellectual Disability: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied.
>
> . . .
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function;
>
> OR
>
> E. A valid verbal, performance, or full scale IQ of 60 through 70 and:
>
> . . .
>
> 2. For children (age 3 to attainment of age 18), resulting in at least one of paragraphs B2b or B2c or B2d of 112.02[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05. Paragraphs B2b, B2c, and B2d of 112.02 refer to marked impairment in age-appropriate social functioning, marked impairment in age-appropriate personal functioning, and marked difficulties in maintaining concentration,

4

persistence, or pace, respectively.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.02.

Plaintiff argues that substantial evidence supports a finding that Listings 112.05D and 112.05E have been met and that the administrative law judge erred in failing to consider Listing 112.05. *Statement of Errors*, pp. 9-12.  The Commissioner acknowledges that the administrative law judge did not expressly evaluate plaintiff's impairments by reference to Listing 112.05, but argues that the administrative law judge "acted reasonably" in not doing so. *Commissioner's Response*, pp. 5-6.  The Commissioner specifically argues that "the evidence before the ALJ rendered it unnecessary for him to expressly conduct an analysis under Listing 112.05." *Id*.  The Commissioner's arguments are not well taken.

The Commissioner argues that substantial evidence supports a finding that plaintiff does not meet the requirements of Listing 112.05.  *See id*. at pp. 7-8 ("[A] plethora of evidence obviated a need for the ALJ to analyze explicitly whether Plaintiff's impairment(s) met Listing 112.05.").  Referring to discrepancies in plaintiff's composite IQ scores, a determination by Richard Murray, Ed.D., that plaintiff's cognitive functioning fell in the borderline range of ability, and a determination by Nicolaas P. Dubbeling, Ph.D., that plaintiff's mental condition was "quite likely" within the borderline range of functioning, the Commissioner argues that there is sufficient evidence that plaintiff does not satisfy the Listing. *Id*. at p. 8. The Commissioner's arguments to the contrary notwithstanding, the

5

existence of substantial evidence to support a position does not compel a decision in favor of that position.  Substantial evidence is more than a scintilla of evidence but less than a preponderance. *See Buxton*, 246 F.3d at 772; *Kirk*, 667 F.2d at 535. It is therefore not entirely uncommon for there to be substantial evidence in support of conflicting conclusions in cases such as this.  *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . . .") (internal quotations omitted) (quoting *Wright v. Massanari,* 321 F.3d 611, 614 (6th Cir. 2003)).  Plaintiff has cited evidence to support a finding of disability under Listing 112.05.  Plaintiff's most recent IQ testing falls within the range of Listing 112.05, *see PAGEID* 424 (Verbal Comprehension score of 61; Working Memory score of 68; Full Scale IQ score of 70), the administrative law judge identified a number of severe impairments that cause functional limitations, *PAGEID* 59, and there is some evidence of subaverage general intellectual functioning with deficits in adaptive functioning.  *See PAGEID* 421-27, 444.  It is not this Court's right to determine in the first instance whether this evidence is sufficient to satisfy the Listing.

The Commissioner also erroneously implies that a formal diagnosis of intellectual disability is necessary under Listing 112.05.  *See Commissioner's Response*, p. 8 (indicating that the record does not contain a diagnosis more severe than borderline intellectual

6

functioning).  Although the absence of a formal diagnosis of intellectual disability may be relevant to a claim under Listing 112.05, *see Cooper v. Comm'r of Soc. Sec.*, 217 F. App'x 450, 452 (6th Cir. 2007) ("It is undisputed that no psychologist has diagnosed [the plaintiff] with mental retardation.  The examiner and clinical psychologist who tested him diagnosed him instead as borderline intellectual functioning."), a formal diagnosis is not a necessary prerequisite to the Listing.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.05.

     The Commissioner cites to *Snoke v. Astrue*, No. 2:10-cv-1178, 2012 WL 568986, at *6 (S.D. Ohio Feb. 22, 2010), and argues that there is no "heightened articulation standard" in evaluating impairments by reference to the standards of the listings.  *Commissioner's Response*, p. 8 n.3.  However, the court in *Snoke* acknowledged that the "Sixth Circuit has held . . . that an ALJ's decision must contain sufficient analysis to allow for meaningful judicial review of the listing impairment decision."  *Snoke*, 2012 WL 568986 at *6 (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415-16 (6th Cir. 2011) (remanding where "[n]o analysis whatsoever was done as to whether [the claimant's] physical impairments . . . met or equaled a Listing under section 1.00")).  The administrative law judge in *Snoke* expressly considered the listing at issue; here, in contrast, the administrative law judge neither set forth nor properly evaluated the elements of Listing 112.05, despite the existence of evidence that arguably met the Listing.  The administrative law judge's discussion of Listing

7

112.05 is so deficient that this Court cannot meaningfully review the decision.  See *Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 820 (S.D. Ohio 2001) ("The ALJ thus failed to discuss the elements of Listing § 11.03, and whether or not the evidence demonstrated that plaintiff satisfied those elements.  In the absence of such a discussion, the Court cannot conduct a meaningful review of the record, for it is unclear precisely *why,* in the ALJ's view, plaintiff did not satisfy Listing § 11.03.").

In short, the Court concludes that the administrative law judge erred in failing to consider plaintiff's impairments by reference to the standards of Listing 112.05.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** to the Commissioner of Social Security.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to

8

*de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


October 17, 2014                                        *s/Norah McCann King*
                                                                              Norah M<sup>c</sup>Cann King
                                                  United States Magistrate Judge