IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ASHLEY A. PARKS,**

       Plaintiff,

  vs.                              Civil Action 2:13-cv-1099
                                    Judge Smith
                                    Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.

## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying the application for supplemental security income filed on behalf of Ashley A. Parks, a child under the age of 18.  On November 12, 2014, the decision of the Commissioner was reversed pursuant to Sentence 4 of 42 U.S.C. § 405(g) and the action was remanded to the Commissioner of Social Security for further proceedings. *Order*, ECF 22, *Clerk's Judgment*, ECF 23.  This matter is now before the Court on plaintiff's motion for attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("the EAJA"). *Plaintiff Ashley A. Parks' Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act*, ECF 24 ("*Motion for Attorney Fees*").  There has been no response to that motion.

The EAJA authorizes an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.* at 158.

Because the decision of the Commissioner was reversed pursuant to Sentence 4 of 42 U.S.C. § 405(g), plaintiff is a "prevailing party" for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). *Plaintiff's Motion* was also filed within 30 days of final judgment, as required under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B).

Whether or not the Commissioner's position was substantially justified is essentially a question of reasonableness. *Sullivan v. Hudson,* 490 U.S. 877, 883-85 (1989); *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). The position of an agency is "substantially justified" if it is "'justified in substance or in the main' – that is, justified to a degree that would satisfy a reasonable person." *Underwood,* 487 U.S. at 565-66. The Commissioner's litigation position

2

is "substantially justified" if it is reasonable in both law and fact. *Id*. An agency's position can be substantially justified even if a court ultimately finds it erroneous or not supported by substantial evidence. *See United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991). However, the burden of showing substantial justification rests with the Commissioner. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

In the case *sub judice*, the Court reversed the decision of the Commissioner and remanded the matter for further proceedings because the administrative law judge neither set forth nor properly evaluated the elements of Listing 112.05, despite the existence of evidence that arguably met the Listing. *See Order*, Doc. No. 22; *Report and Recommendation*, Doc. No. 21, pp. 7-8. Under these circumstances, the Court therefore concludes that the position of the Commissioner was not substantially justified and that an award of fees under the EAJA is warranted. *See True*, 250 F.3d at 419 n.7 ("[U]nder the EAJA it is the government's burden to prove that its position was substantially justified.").

Having determined that attorneys' fees should be awarded under the EAJA, the Court must also determine what fee is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable.).

Plaintiff seeks an award of attorneys' fees in the amount of $6,348.65, that figure representing 33.95 itemized hours of work, see Motion for Attorney Fees, Exhibit C, compensated at the rate of $187 per hour. An award under the EAJA must be reasonable:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Therefore, a plaintiff bears the burden of providing evidence sufficient to support a request for an award calculated at a higher hourly rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To meet this burden, a plaintiff must "'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (quoting *Blum*, 465 U.S. at 895 n.11).

Once a district court has examined the prevailing market rate, it must then consider whether a fee in excess of the $125.00 statutory cap is justified based on cost of living increases. 28 U.S.C. § 2412(d)(2)(A); *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196,

4

199-200 (6th Cir. 1992). "[E]ven though the cost of living has risen since the enactment of the EAJA," the decision whether or not to grant such an adjustment is left to the sound discretion of the district court. *Id.* at 199-200. Simply submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation justifies an enhanced hourly rate does not warrant an increase in the rate. *Bryant*, 578 F.3d at 450.

In the case presently before the Court, plaintiff has submitted the affidavit of his attorney, Jason M. Mauch, the Department of Labor's Consumer Price Index, the affidavit of Gary J. Pandora, Esq., and a copy of *The Economics of Law Practice in Ohio* in support of the proposed hourly rate. The affidavit of plaintiff's attorney sets forth his normal rate in non-contingent matters at $200 per hour. *See Affidavit of Plaintiff's Attorney, Jason M. Mauch*, attached to *Motion for Attorney Fees* as Exhibit B, at ¶ 6. The affidavit of Gary J. Pandora, Esq., an attorney in Columbus, Ohio who has represented Social Security claimants in federal court, avers that an hourly rate of "up to $200-225 per hour" is "in line with prevailing rates in Ohio for the same type of services provided by lawyers of reasonably comparable skill, experience and reputation" to plaintiff's attorney. *Affidavit of Gary J. Pandora*, attached to *Motion for Attorney Fees* as Exhibit E, at p. 2. Additionally, plaintiff has provided evidence that the mean billing rate in the Downtown Columbus area, where plaintiff's attorney practices, is $275 per hour, the mean billing rate for Social Security attorneys is $250 an hour, and the mean

5

billing rate in Ohio for attorneys with up to 15 years' experience is $250 an hour. *See The Economics of Law Practice in Ohio*, attached to *Plaintiff's Motion* as Exhibit F. Under the circumstances, the Court concludes that plaintiff has provided satisfactory evidence that the requested average hourly rate of $187 is in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Cf*. *Delver v. Astrue*, No. 1:06cv266, 2011 WL 4914963, at *3 n.2 (S.D. Ohio Sept. 9, 2011) (suggesting a preference for "affidavits from other attorneys who practice in federal court," "publications that discuss the prevailing market rate," or "an affidavit from counsel setting forth . . . her normal hourly rate").

The Court also concludes that the 33.95 hours itemized by plaintiff's counsel are reasonable.

Finally, plaintiff requests that any fees awarded be payable directly to her attorney, pursuant to her affidavit and assignment of EAJA fees. *See Plaintiff's Motion*, p. 1, Exhibit A. The United States Supreme Court has determined that fees awarded to a prevailing party under the EAJA belong to the litigant, not to his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010). Fees can be directly awarded to an attorney, however, where the litigant does not owe a debt to the government and assigns the right to receive fees to the attorney. *Id*. at 2529.

In the case presently before the Court, it is unclear whether plaintiff owes a debt to the government. Accordingly, the Court

6

concludes that, under *Ratliff*, the proper course is to award fees directly to plaintiff and remain silent as to the ultimate disposition of those fees. *See Oliver v. Comm'r of Soc. Sec.*, No. 2:11-cv-447, 2013 WL 65429 (S.D. Ohio Jan. 4, 2013).

It is therefore **RECOMMENDED** that the *Motion for Attorney Fees*, ECF 24, be **GRANTED in part**. It is **SPECIFICALLY RECOMMENDED** that plaintiff be awarded an attorney fee pursuant to the EAJA in the amount of $ 6,348.65.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 9, 2015                              *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                             United States Magistrate Judge